[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUL 10, 2006
THOMAS K. KAHN
CLERK

No. 05-13257
Non-Argument Calendar

_____

D.C. Docket No. 02-00371-CR-T-26-EAJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SEGUNDO ORLANDO MOREANO-BLANDON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(July 10, 2006)**

Before EDMONDSON, Chief Judge, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Defendant-Appellant Segundo Orlando Moreano-Blandon appeals his 135-month concurrent sentences, imposed pursuant to his guilty plea for conspiracy to import 5 kilograms or more of cocaine, 21 U.S.C. §§ 960(b)(1)(B)(ii) and 963, conspiracy to possess with intent to distribute 5 kilograms or more of cocaine, 21 U.S.C. §§ 841(b)(1)(A)(ii), 846, and 959, and conspiracy to possess with intent to distribute 5 kilograms or more of cocaine while on board a vessel subject to U.S. jurisdiction, 21 U.S.C. § 960(b)(1)(B)(ii) and 46 App. U.S.C. § 1903(j). No reversible error has been shown; we affirm.

Defendant appeals the district court's application of a two-level enhancement, under U.S.S.G. § 2D1.1(b)(2)(B), for acting as a captain of a fishing boat, the "Douglas I," that transported over four tons of cocaine on three separate trips.[1] Defendant recognizes that he was the captain of the Douglas I during legitimate fishing trips and that he was listed as the captain on the Douglas I's manifest during the drug smuggling voyages. But he argues that the government presented no evidence that he acted as captain or used his special skills as captain on the drug smuggling trips. He asserts that, on these trips, a member of the drug organization, Etrick Davis Forbes, performed all the traditional functions of boat

---

[1]The U.S. Coast Guard seized the Douglas I on a fourth smuggling trip. Defendant was not present on the fourth trip.

captain. Defendant contends that the important inquiry in applying the

§ 2D1.1(b)(2)(B) enhancement is not whether he is listed as captain, but whether

he performed the duties of a captain.

We review a finding of fact by the district court for clear error and its

application of the Sentencing Guidelines de novo.[2] United States v. Cartwright,

413 F.3d 1295, 1298 (11th Cir. 2005), cert. denied, 126 S.Ct. 1116 (2006).

The Guidelines allow for a two-level enhancement if a defendant "acted as a

pilot, copilot, captain, navigator, . . . or any other operation officer aboard any

craft or vessel carrying a controlled substance." U.S.S.G. § 2D1.1(b)(2)(B). We

have declined to adopt a narrow definition of the term "captain": we look to the

facts of each case and apply a functional definition of the term "captain." See

Cartwright, 413 F.3d at 1298.

In Cartwright, we upheld a captain enhancement where the defendant

(1) admitted that he was a lifelong fisherman, (2) drove the boat at times and was

driving the boat when the Coast Guard boarded it, (3) followed instructions on

where to steer the boat, and (4) used a compass to navigate. Id. at 1299. That the

---

[2]The government urges us to apply a plain error standard of review, contending that Defendant, in district court, did not assert explicitly that the government had failed to carry its burden of proof on the enhancement. But Defendant clearly argued, as he does on appeal, that the captain enhancement was not proper because he did not perform the duties of captain during the illegal voyages. This objection is enough for us to apply the typical standard of review. See United States v. Zinn, 321 F.3d 1084, 1087-88 (11th Cir. 2003).

3

defendant "was not officially named the captain or pilot is not dispositive." Id. And in United States v. Rendon, 354 F.3d 1320, 1329 (11th Cir. 2003), cert. denied, 124 S.Ct. 2110 (2004), the district court properly applied the captain enhancement, even though the defendant was not listed as captain on the manifest, when the defendant (1) identified himself to the Coast Guard as captain, (2) navigated the boat, (3) was the only crew member with knowledge of the course, (4) hired the crew, and (5) directed the crew's operations on board.

Here, Defendant admitted that he was listed on the manifest as the captain and, important, that he would represent himself as the captain if stopped by the Coast Guard. Defendant was captain when the Douglas I was engaged as a fishing vessel. The other crew members referred to him as the "fat captain" and considered him the captain, even when Forbes was on board and even though, according to Defendant, Forbes evicted him from the captain's quarters during the drug voyages. This conduct is enough to support the district court's determination that he "acted as" a captain on a vessel carrying a controlled substance.

We are aware that the government presented no evidence that Defendant performed other "special skills" of a captain during the smuggling voyages (like navigating, controlling the radio or global positioning system, steering the vessel, or giving orders to the crew). But whether Defendant used certain skills during

4

the drug voyages is not our sole inquiry: we have "declined to adopt a rigid definition of the term captain." Rendon, 354 F.3d at 1329.

And application of the captain enhancement is not foreclosed by Cartwright and Rendon, neither of which involved a situation where the defendant was listed on the manifest as captain. We decline to read those cases, as Defendant suggests, as rendering meaningless a defendant's designation as captain or as requiring the government to show certain acts--like navigating, steering, and giving orders-- although we pointed to similar acts in those cases in upholding the captain enhancement. We, rather, understand Rendon and Cartwright (1) as urging courts to look at the facts of each case, and (2) as not eliminating the possibility of application of a § 2D1.1(b)(2)(B) enhancement where a defendant is not listed on the manifest or named as captain. See Cartwright, 413 F.3d at 1299; Rendon, 354 F.3d at 1329.

In addition, Rendon stated that the defendant's identification of himself to the Coast Guard as captain supported the enhancement. See Rendon, 354 F.3d at 1329. Defendant, similarly, admitted that he would have held himself out as captain had the Coast Guard stopped the Douglas I. For the purpose of applying the § 2D1.1(b)(2)(B) enhancement, we see no difference in Defendant's willingness to represent himself to law enforcement as captain--when he also was

listed on the manifest as captain and when the crew referred to him as captain--

and his "acting as" captain. Under the facts of this case, the district court did not

clearly err in applying the § 2D1.1(b)(2)(B) enhancement.

AFFIRMED.